. MURPHY v. JOLINE et al.

(Supreme Court, Appellate Term.   May 7, 1909.)

APPEAL AND ERROR (§ 1199*)—DISPOSITION OF CAUSE ON APPEAL—EFFECT.

An order of the Appellate Term, reversing an order of the Municipal Court setting aside a verdict as contrary to the evidence, but omitting to set the case for trial, operates to reinstate the verdict and judgment, and the trial court has no jurisdiction of its own motion to set aside the verdict a second time and order a retrial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4674–4676; Dec. Dig. § 1199.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Mary Etta Murphy against Adrian H. Joline and another, as receivers of the New York City Railway Company. From an order setting aside a verdict for plaintiff, she appeals. Reversed, and verdict and judgment reinstated.

See 62 Misc. Rep. 461, 115 N. Y. Supp. 108.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Wilson Lee Cannon, for appellant.
Anthony J. Ernest, for respondents.

PER CURIAM. This action was tried on June 25, 1908, before Justice Joseph and a jury, and the plaintiff secured a verdict for $250. A motion was made by defendant to set aside the verdict as contrary to the evidence, and on all the grounds specified in section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580). The court reserved decision until October 13, 1908, when the motion to set aside the verdict was granted. The order entered December 19, 1908, on this decision setting aside the verdict, failed to set the case down for a new trial, as provided by section 254, supra. From this order plaintiff appealed to the Appellate Term, and the order was reversed, as unauthorized, for having omitted setting down the case for trial at a specified time. This reversal was absolute. It was not an affirmance of a modified order, and so absolutely nullified the order of December 19, 1908, which had been appealed from. Thereafter, on March 9, 1909, the defendant secured ex parte another order from Judge Joseph

again setting aside the verdict, and this time setting the case down for trial. On March 18, 1909, plaintiff moved on notice to vacate the order of March 9, 1909, on the ground that the said justice was without power, jurisdiction, or authority to make the same. This motion was denied, and an order entered denying the same on March 19, 1909. From these two orders of March 9, 1909, and March 19, 1909, the plaintiff now appeals.

It is the contention of the respondent that the court has jurisdiction at any time to resettle its orders, to the end that justice may be done to all parties. Without discussing that question now, it is sufficient to say it has no bearing on this case. The order of December 19, 1908, was reversed in toto, and thus nullified. It ceased to have any existence, and the effect of the former decision of this court was to reinstate the verdict and the judgment. The trial court, having passed once upon the question and been overruled, had no jurisdiction, ex parte and of its own motion, to set aside the verdict a second time.

The orders appealed from must be reversed, and the verdict and judgment reinstated, with costs to the appellant in this court and in the court below.